UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 22-cv-60786-BLOOM

ROBERT ALDRED,

    Petitioner,

v.

FLORIDA DEPARTMENT
OF CORRECTIONS,

    Respondent.
_____/

## ORDER OF DISMISSAL

**THIS CAUSE** is before the Court upon *pro* se Petitioner Robert Aldred's Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2254, ECF No. [1] ("Petition"). The Court has reviewed the Petition, the record in this case, the applicable law, and is otherwise fully advised. For the reasons set forth below, the Petition is dismissed as successive.

Petitioner is a state prisoner confined at Zephyrhills Correctional Institution. *Id.* at 1. He is serving a life sentence entered following a jury trial in case number 89-1905-CF-10 in the Seventeenth Judicial Circuit in Broward County, Florida. *Id.* The jury found Petitioner guilty of one count of first-degree murder, two counts of aggravated assault, and two counts of attempted armed robbery. *Id.*

This is Petitioner's fourth § 2254 Petition challenging the same 1989 convictions. Petitioner's first three § 2254 petitions were denied or dismissed as successive. *See Aldred v. State of Florida*, No. 06-cv-60535-COHN (S.D. Fla. May 11, 2006); *Aldred v. Dep't of Corr.*, No. 01-cv-06769-FERGUSON (S.D Fla. June 8, 2001); *Aldred v. Singletary*, No. 93-cv-06331-MORENO (S.D. Fla. Oct. 27, 1993).

The instant Petition raises one claim of actual innocence. ECF No. [1] at 4-8. However, Petitioner does not argue that newly discovered evidence supports his claim nor does he acknowledge his previous dismissals or address why the instant Petition should not be barred as successive.

Rule 4(b) of the Rules Governing § 2254 Cases provides that, "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." Consistently, the United States Supreme Court has stated that "[f]ederal courts are authorized to dismiss summarily any habeas petition that appears legally insufficient on its face[.]" *McFarland v. Scott*, 512 U.S. 849, 856 (1994) (citation omitted). Against this backdrop, courts reviewing a motion under Rule 4 must construe *pro se* motions liberally. *See Enriquez v. Fla. Parole Comm'n*, 227 F. App'x 836, 837 (11th Cir. 2007) (citing *Haines v. Kerner*, 404 U.S. 519, 520 (1972)).

"[T]he Antiterrorism and Effective Death Penalty Act of 1996 . . . provides that, before a petitioner may file a second or successive [section] 2254 habeas petition, the petitioner first must obtain an order from th[e] [Eleventh Circuit] authorizing the district court to consider the petition." *Osbourne v. Sec'y, Fla. Dep't of Corr.*, 968 F.3d 1261, 1264 (11th Cir. 2020) (alterations added; citing 28 U.S.C. § 2244(b)(3)(A)). Absent authorization from the Eleventh Circuit, the Court lacks jurisdiction to consider a second or successive habeas petition. *See Wallace v. Att'y Gen. of Ala.*, 825 F. App'x 737, 738 (11th Cir. 2020) (citation omitted).

Petitioner's current attempt at relief under § 2254 in this District is an unauthorized successive petition. The Petition challenges the same 1989 convictions previously challenged in Petitioner's prior petitions. Even if Petitioner could overcome the ban on second or successive petitions by invoking an exception under 28 U.S.C. § 2244(b)(2), *see* 28 U.S.C. § 2244(b)(3)(A), he would first have to obtain authorization from the Eleventh Circuit to consider his successive

application, and there is no evidence that Petitioner has done so. *See Gillman v. Sec'y, Dep't of Corr.*, 728 F. App'x 980, 982 (11th Cir. 2018) ("Even if [petitioner's] substantive claims were based on newly discovered evidence such that they would qualify under one of the exceptions to § 2244(b)'s dismissal requirement, the statute required him to seek authorization from this Court before filing the second petition in the district court[.]" (alterations added)).

Without authorization from the Eleventh Circuit, this Court lacks subject matter jurisdiction to consider his second or successive petition. *See* 28 U.S.C. § 2244(b)(2)-(3); *Burton v. Stewart*, 549 U.S. 147, 153 (2007); *El-Amin v. United States*, 172 F. App'x 942, 946 (11th Cir. 2006). Petitioner is advised that he must obtain authorization from the Eleventh Circuit before filing a successive petition.

Because the Court "lack[s] subject matter jurisdiction to consider the [instant] successive petition, [the Court may] not issue a [certificate of appealability]" with respect to any of Petitioner's claims. *See Aruanno v. Florida*, No. 20-cv-23135-BLOOM, 2020 WL 8675810, at *1 (S.D. Fla. July 30, 2020) (citing *Williams v. Chatman*, 510 F.3d 1290, 1295 (11th Cir. 2007)).

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1. The Petition, **ECF No. [1]**, is **DISMISSSED**;
2. No certificate of appealability shall issue;
3. All pending motions are **DENIED** as moot; and
4. The Clerk shall **CLOSE** this case.

**DONE AND ORDERED** in Chambers at Miami, Florida, on April 26, 2022.

_____
BETH BLOOM
**UNITED STATES DISTRICT JUDGE**

Copies to:

Case No. 22-cv-60786-BLOOM

Counsel of Record

Robert Aldred, *Pro Se*
087653
Zephyrhills Correctional Institution
Inmate Mail/Parcels
2739 Gall Boulevard
Zephyrhills, FL 33541